IN THE MATTER OF THE APPLICATION OF THE PIONEER MILL COMPANY, LIMITED, FOR MODIFICATION OF AWARD TO TOMATSU KAWAMOTO BY THE INDUSTRIAL ACCIDENT BOARD FOR THE COUNTY OF MAUI.

No. 1958.

ARGUED APRIL 9, 1931.                    DECIDED APRIL 16, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

The industrial accident board for the County of Maui certifies in the following words a question of law for the determination of this court: "Comes now the industrial accident board for the County of Maui, Territory of Hawaii, by Joseph H. Gray, chairman, and certifies that in

proceedings had before it in the matter of the compensation to be paid by the Pioneer Mill Company, Limited, to dependents of Yasujiro Kawamoto, deceased, the following question of law has arisen, to-wit—is a child a dependent of the deceased under the provisions of the workmen's compensation law, particularly as defined by sections 3611-3613, R. L. Hawaii, 1925, who had been given to the deceased and his wife at birth, registered as their child and thereafter maintained and supported as their own child, but not legally adopted by the deceased in the manner provided by the laws of the Territory of Hawaii; which question is hereby certified to the supreme court of the Territory of Hawaii for determination in accordance with the provisions of section 3641, Revised Laws of Hawaii, 1925."

In section 3611, R. L. 1925, being a part of the workmen's compensation law, the word "dependents" is defined. The provision, in so far as it is applicable to the case at bar, is as follows: "The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this chapter: a child if under sixteen years of age, or incapable of self-support and unmarried, whether ever actually dependent upon the deceased or not." Section 3613 of the same book and chapter further provides: "As used in this chapter the term 'child' includes step-children, adopted children, posthumous children, and illegitimate children, acknowledged previous to the injury, but does not include married children unless dependent." This language is clear and unambiguous. The enumeration of those who are regarded as included within the term "children" necessarily excludes all others from that designation. While "illegitimate children" are included, by that is meant obviously the illegitmate issue of the workman who has been injured or killed by accident. The illegitimate children of others are not included

unless they have been adopted. The term "adopted children" includes only those who have been adopted in accordance with the provisions of law. A child not so adopted is not so included and is not a dependent child within the meaning of the law.

The guardian of the minor child presents the further claim that, an award having been originally made by the industrial accident board in favor of his ward, the case cannot now be reopened or the decree modified. Section 3641, R. L. 1925, relating to the workmen's compensation law, provides that "an award of the board shall be final and conclusive between the parties except as provided in section 3640, unless within twenty days after a copy has been sent to the parties, either party appeals to the circuit court of the circuit in which the board is located." In section 3640 it is provided that "the board may at any time, either of its own motion or upon the application of any party, reopen any case on the ground that fraud has been practiced on the board or on any party and make such award or decision as it shall deem proper." It appears from the record before us that the board, upon the death of the workman, made an award requiring the employer to pay certain stipulated installments to the widow and to the child represented by the guardian in the case at bar. The inference must be that the award was based upon a finding by the board that the child was the issue of the decedent. Whether that finding was based upon a false representation to the board by the widow or by any other witness, or whether, in other words, any fraud was practiced upon the employer and upon the board in order to secure the award which was made in favor of the child, does not appear from the record before us. Nor does it appear whether the board, before granting a reopening of the case, found the fact of such fraud. At least for the

purposes of this collateral attack, the presumption must be that the board acted rightly and found the facts necessary to give it jurisdiction to reopen the award. The board has certified to this court that the question forwarded to us for determination arose "in proceedings had before it." It does appear that the board had jurisdiction of the general subject then before it, to-wit, workmen's compensation, and also had jurisdiction of the parties. Whether its procedure was erroneous, whether sufficient evidence was adduced to show fraud and whether under the particular circumstances found by the board it had the power to reopen the case, are questions which are not now before us. They will be determined, if need be, when properly brought to this court by some form of appeal.

The question certified is answered in the negative.

*J. R. Cades (Smith & Wild* on the briefs) for the Pioneer Mill Co.

*G. R. Corbett,* Guardian ad Litem (also on the briefs), in person.